Dear Mr. Butler:
This is in response to your predecessor's request for an opinion concerning the following questions relating to the Division of Savings and Loan Supervision.
 "1. Are deposits, and dividends declared thereon, `unclaimed' within the meaning of subsection 362.390(4) if an association posts a quarterly or annual statement of earned dividends in the U.S. mail postage prepaid and addressed to the address of the accountholder as shown on the association's records and the statement is not returned due to inability to deliver and the records of the association monitored in the regular course of business evidence those statements so mailed that are returned.
 "2. In which county is a savings and loan association `located' within the meaning of subsection 362.395(1) for the purposes of publishing the report as required by that subsection.
 "3. Does the language of subsection 362.390 (1) `in every seventh year and beginning in September, 1978' mean each year for the preceding seven years or each seven years for the preceding fourteen in determining when the reporting mandated by the act shall occur."
The applicable statutes are Sections 362.390.4, 362.395.1, and 362.390.1, V.A.M.S., and provide as follows:
 "4. No deposits, dividends or interest shall be deemed unclaimed within the meaning of this section if it appears from the books of the company or from other written evidence on file with the company that the person or persons authorized to receive them have knowledge thereof." Section 362.390.4
 "1. Every company which reports any unclaimed deposits, dividends or interest under the provisions of section 362.390 shall cause to be published once in each week for two successive weeks in a newspaper qualified to publish public notices as provided in chapter 493, RSMo, published in the county, or if no such qualified newspaper is published in the county, then in a county adjacent to such county, and in the village or city in which the company is located, if there be a qualified newspaper published therein, or in the city of St. Louis if the company is located there, a true copy of the report, and shall file with the director on or before the first day of October thereafter proof by affidavit of such publication." Section 362.395.1
 "1. In the month of September in every seventh year, and beginning in September, 1978, and on or before the tenth day thereof, every national bank or trust company, every federal and state credit union, every federal and state savings and loan association, and every state bank or trust company shall make a written report, in the case of a bank or trust company to the director of the division of finance, in the case of a savings and loan to the director of the division of savings and loan supervision, and in the case of a credit union to the director of the division of credit unions, verified by the oaths of the president or vice president and cashier or assistant cashier or secretary or assistant secretary, containing a true and accurate statement of all deposits made with the company, except any deposits held in a fiduciary capacity, and all dividends declared and interest accrued upon any of its deposits or other evidences of indebtedness, which on the first day of August preceding the report amounted to fifty dollars or over and had remained unclaimed by any person or persons authorized to receive the same for a period of seven years." Section 362.390.1
The Second Regular Session of the 79th General Assembly enacted Senate Committee Substitute for House Committee Substitute for House Bills Nos. 896 and 897 relating to escheats of certain unclaimed property. The above statutes come from that enactment. It should be noted that this bill repealed former Sections 362.390 and 362.395, RSMo 1969, which previous enactments were part of the banking code of this state. Much of the language was retained in the new enactment as it appeared in the repealed sections. The old law was expanded to cover savings and loan associations and credit unions as well as national and state banks.
With regard to your first question and Section 362.390.4, V.A.M.S., clearly the legislature called for some other written evidence on file with the financial institution evidencing that there has been activity in the account in order to demonstrate that the deposits, dividends, or interest in the account remain claimed as opposed to being deemed unclaimed. The suggestion has been advanced that the mailing of quarterly or annual statements of earned dividends in the United States mail, postage prepaid, and addressed to the last known address of the account holder as shown on the association's record will satisfy the provision of "other written evidence on file" wherein such mail bears a return address of the association on the envelope and is not returned as undeliverable and returnable mail. The association should be certain that the mailing is returnable if not deliverable and that it is of the class and bears a return address sufficient to result in a return. While the statute does not specifically provide that records showing that mailed notices have not been returned constitute "other written evidence on file with the company," we believe that it meets the criteria of being "other written evidence on file with the company" when considering that yearly tax notices of interest and other quarterly reports are sent to the account holders postage prepaid with a return address of the institution clearly printed on the envelope. It is our view that this record showing that notice was mailed by the association was within the contemplation of the legislature as "other written evidence on file. This view is further supported by postal regulations adopted as part of the procedure in returning undelivered mail. Such procedure is set out in Post Office Services (Domestic) TL-43, 2-20-78, Issue 119, Section 122.1 and Post Office Services (Domestic) TL-33, 1-17-75, Issue 94, Part 159, particularly Section 159.1 captioned, "Provisions Applicable to all Classes." Also, first class mail is returnable to sender under Post Office Services (Domestic) TL-44, 8-21-78, Issue 120, Sections 159.2 and 159.26. The former section does not require additional postage upon return if the first class mail weighs less than 12 ounces and tears a sufficient return address.
With regard to your second question, the phrase "in which the company is located" should be read to afford reasonable notice to the parties who may have an interest in an unclaimed account. Savings and loan associations have main offices and branches throughout the state. Unlike banks which have facilities in the same county as the main office, the associations may, for example, have a main office in Nevada, Missouri, and a branch office in Columbia or St. Louis, Missouri.
General rules of construction tell us that we must consider the reasonable intendment of the legislature and not construe the enactment in such a manner as to render it meaningless or absurd.Missourians for Honest Elections v. Missouri Elections Commission,536 S.W.2d 766 (Mo.Ct.App. at St.L. Banc 1976). The obvious legislative intent is to offer reasonable notice. We believe reasonable notice requires an interpretation that the publication under Section 362.390.1, V.A.M.S., should be in a qualified newspaper in the county, or if no such qualified newspaper, in an adjacent county, and in the village or city in which the association is located or in the City of St. Louis, if the association is located there, means that the publication should be in the county where the party being given the notice had the account. If the account was in a branch office in a county other than the county of the main office of the association, then the notice should be in the county of the branch office. If the account is in the City of St. Louis, then the notice should be in the City of St. Louis. We do not believe, for example, that it is necessary to repeat the names of those whose accounts are in St. Louis in a publication in Nevada.
We are informed that the last known address of those who may be interested in the unclaimed accounts are available on the records of the savings and loan association. We are further informed that the associations are aware of the location of these accounts. This being the case, it appears that the association can meet the publication requirements under the interpretation which we have suggested. We thus conclude that such language referring to the county in which the association is located does not limit the publication to the county or city of the main office of the association.
As to your third question concerning Section 362.395.1, V.A.M.S., the obvious language in the enactment clearly states that "every seventh year and beginning in September, 1978." There is no ambiguity in this language. It is a general rule of construction that the courts will give meaning to the plain and unequivocal language of a statute. State ex rel. State Highway Commission v.Wiggins, 454 S.W.2d 899 (Mo.Banc 1970). It is also a general rule of construction that the purpose of construing statutes is to give meaning to the legislative intent through the plain language of the statutes. The new enactment, namely, Section 362.390.1, V.A.M.S., is clear and unequivocal; and, therefore, the various financial institutions are to make the reportings every seventh year beginning in September, 1978, and with their next report in September, 1985.
CONCLUSION
It is the opinion of this office that the posting of quarterly and annual statements of earned dividends in the United States mail, postage prepaid, and addressed to the last known address of the account holder with a sufficient return address on the face of the envelope by savings and loan associations constitutes "other written evidence" under Section 362.390.4, V.A.M.S., relating to escheat of unclaimed property when the statements are not returned undelivered and are returnable mail under postage regulations and such mailings are reflected in the records of the associations in the regular course of their business. It is the further opinion of this office that for the purposes of publication of notice under Section 362.395.1, V.A.M.S., the Missouri legislature intended that reasonable notice be given in that the notice of publication should be in an appropriate newspaper in the city or village in the county where the association has an office and the unclaimed account is located.
Finally, it is the opinion of this office that Section 362.390.1, V.A.M.S., provides that the report required thereunder is filed every seventh year beginning in September, 1978, and not each year.
The foregoing opinion, which I hereby approve, was prepared by my assistants, Terry C. Allen and John C. Klaffenbach.
Very truly yours,
 JOHN ASHCROFT Attorney General